STATE OF NEW JERSEY AND NEW JERSEY STATE BOARD OF PROFESSIONAL PLANNERS, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS, v. ADDISON G. BRADLEY, INDIVIDUALLY AND LAND DESIGN, INC., DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 15, 1980—Decided May 1, 1980.

Before Judges LORA, ANTELL and PRESSLER.

*Laurence A. Hecker* argued the cause for appellants and cross-respondents.

*Thomas H. Shar*, Deputy Attorney General, argued the cause for respondents and cross-appellants (*John J. Degnan*, Attorney General of New Jersey, attorney; *Erminie Conley*, Assistant Attorney General, of counsel).

The opinion of the court was delivered by

LORA, P. J. A. D.

Defendant Addison G. Bradley is the president of defendant Land Design, Inc., a "landscape architectural land planning firm" which packages ground for builders. He appeared at the April 13, 1978 meeting of the Upper Freehold Township Planning Board, where he presented a proposal concerning the development of 126 acres of land within the township. Among those present to hear Bradley's presentation was Thomas W. Birdsall, the board's engineer and a licensed professional land surveyor and planner. According to Birdsall, Bradley presented

himself to the board as a practicing professional planner despite the fact he lacked the required license in that he advised the board that his firm was a land planning firm, discussed densities of land use and types of use by residents, commented on preserving the area's rural character and how to provide sewage service, and stated that his primary role was as land planner. At no time did Bradley indicate that he was not a licensed planner. It was Birdsall's opinion that Bradley was clearly implying that he was a planner.

Bradley, on the other hand, emphatically denied representing himself as a licensed planner to the board. He asserted that he never used that title, never did planning for government bodies and had never himself done development work on a municipal or county master plan. He denied stating or implying that he was a professional planner; instead, he represented himself as a land planner. He explained that land planning is also known as land packaging,—coordinating the various professionals who aid in the development of land in order to make presentations to planning boards.

On the return of the order to show cause which plaintiffs had secured upon the filing of their verified complaint, a tape of Bradley's presentation to the township planning board was heard by the trial judge. After hearing the tape and the testimony of the two witnesses, the trial judge stated that he agreed with defendant that he was not acting as a professional planner within the statutory definition of that term in *N.J.S.A.* 45:14A-2(a). The trial judge found that Bradley was not trying to advise the board, but rather was trying to persuade and "to sell a bill of goods" to the planning board, using personal puffery to promote his plan. The trial judge stated that the statute applied to those who are advising planning boards in connection with the development of master plans or other professional planning services related thereto, intended primarily to guide governmental policy for the assurance of the orderly and coordinated development of municipal land areas, but did not

apply to persons who appeared before planning boards requesting the subdivision of particular parcels of land. Therefore, the statute did not apply to defendant, whose business was landscaping and landscape planning and putting subdivision packages together in a way that they will be accepted by planning boards so that approvals can be obtained.

■  The trial judge found that the State had failed to establish that the act was violated and dismissed the order to show cause and complaint. Thereupon, defendants requested a declaration on their counterclaim that the act did not apply to defendants nor preclude any of the activities presently engaged in by them. The trial judge denied the application stating only, "[y]ou will have to live within the law, as we all have to live within the law."

Defendants first contend on their appeal that they were improperly denied relief on their counterclaim since the nature of the complaint constitutes a threat to the continued business activities of defendants while engaged in the lawful providing of their services. They assert that they are entitled to a judicial declaration that the provisions of *N.J.S.A.* 45:14A 1 *et seq.* do not apply to them or their activities and an order enjoining plaintiffs from further interference with defendants' business is necessary; that the trial judge's denial of the counterclaim contravenes judicial policy to join all matters of controversy in a single proceeding so as to avoid prolonged and piecemeal litigation.

Aside from the question of the propriety of the filing of defendants' counterclaim in light of the interdiction of *R.* 4:67 4(a) precluding the assertion of a counterclaim or cross-claim in a summary action under *R.* 4:67 without leave of court, we are of the view that defendants' contentions in this respect are clearly without merit. *R.* 2:11 3(e)(1)(E). The issue sought to be raised by the counterclaim and the scope of the general relief requested was patently far too broad.

Plaintiffs contend that defendant Bradley conducted himself before the planning board in such manner as to mislead its members into assuming defendants' business was licensed professional planning and that the trial judge erred in construing *N.J.S.A.* 45:14A 1 and 45:14A 2 as proscribing only the use of the title "licensed professional planner" by nonlicensees. It is their position that the statute prohibits all misleading titles and should apply to defendants who represented themselves before the township planning board in such manner as to convey they were professional planners.

*N.J.S.A.* 45:14A 1 states in pertinent part:

In order to safeguard life, health and property, and promote the public welfare, any person practicing or offering to practice professional planning in this State shall hereafter be required to submit evidence that he is qualified so to practice and shall be licensed as hereinafter provided. After the effective date of this act, it shall be unlawful for any person to practice or to offer to practice professional planning in this State, or to use the title "professional planner" or any other title, sign, card or device in such manner as to tend to convey the impression that such person is practicing professional planning or is a professional planner, unless such person is duly licensed under the provisions of this act. Every holder of a license shall display it in a conspicuous place in his principal office, place of business or employment.

No corporation, firm, partnership or association shall be granted a license under this act. No corporation, firm, partnership or association shall use or assume a name involving the word "planners" or "planning," or any modification or derivative of such terms, unless an executive officer, if a corporation, or a member, if a firm, partnership or association, shall be a licensed professional planner of the State of New Jersey.

No corporation, firm, partnership or association shall practice or offer to practice professional planning in this State unless the person or persons in responsible charge of professional planning work shall be so licensed to practice in this State.

A professional planner is one "who engages in the practice of professional planning . . . ." *N.J.S.A.* 45:14A 2(a). The practice of professional planning is defined as

. . . the administration, advising, consultation or performance of professional work in the development of master plans in accordance with the provisions of chapters 27 and 55 of Title 40 of the Revised Statutes, as amended and supplemented; and other professional planning services related thereto intended primarily to guide governmental policy for the assurance of the orderly and co-ordinated development of municipal, county, regional, and metropolitan land

areas, and the State or portions thereof. The work of the professional planner shall not include or supersede any of the duties of an attorney at law, a licensed professional engineer, land surveyor or registered architect of the State of New Jersey. [*N.J.S.A.* 45:14A–2(c)]

The intent of *N.J.S.A.* 45:14A 2(c) is to regulate persons who help in the development of master plans or guide governmental policy with regard to the development of land areas.

■ Plaintiffs assert that at the planning board meeting defendant Bradley introduced himself as "President of Land Design, Inc. which is a land planning firm" and used the terms "planner" and "planning" when referring to himself and defendant Land Design, Inc. He then proceeded to present to the board his concept for the development of a 126-acre tract for residential and recreational uses. His fundamental concept focused upon the use of equestrian facilities, such as stables and a riding community, as the central theme underlying the development of this tract of land.

Discussing the development of recreational facilities on the tract, including the equestrian area, tennis courts and swimming pool, Bradley said:

. . . Cory . . . is the fellow that puts together the horse package, he has all the expertise in that area. I'm basically the land planner. When I first presented this to East Hampton in Burlington County, Cory wasn't with me at the first meeting, and I found out the Chairman of the Planning Board was a veterinarian, and we got into some pretty technical questions that I had to back off of, so I just wanted to let you know where I was coming from before you get too technical. But the question is would you be interested in reviewing and what kind of problems engineering-wise and legally am I creating or can they be resolved so that what we'd like to do is come back next month . . . with a schematic plan not for the submission but just for discussion. . . .

Bradley also discussed the density, open spaces, sewage, cost and size of proposed housing in the tract.

Based on the testimony adduced at the hearing and the tape of the board meeting, the trial judge found for the reasons outlined above that Bradley's conduct before the board did not constitute professional planning and that he did not represent or hold himself out as a professional planner. We agree.

The tape transcript indicates that Bradley in effect was asking the planning board what type of plan for that tract it would be likely to approve, rather then advising it how to develop the land. It appears that Bradley's aim was to convince the board of the desirability of his development plan, but his presentation was that of an intending applicant rather than that of an advisor or planning guide.

However, we are of the view that Bradley's use of the terms "land planner" in reference to himself and "land planning" to identify and characterize defendants' activities is misleading and in violation of the proscription in *N.J.S.A.* 45:14A 1 against the use of

. . the title "professional planner" or any other title, sign, card or device in such manner as to tend to convey the impression that such person is practicing professional planning or is a professional planner, unless such person is duly licensed under the provisions of this act.

We are convinced that defendants' use of the term "land planner" and "land planning" conveys the impression that their business is professional planning.

In view of all of the foregoing, we affirm so much of the judgment of the Chancery Division as dismisses defendants' counterclaim and plaintiffs' complaint insofar as it alleges a violation by defendants of *N.J.S.A.* 45:14A 2(a) and (c). We reverse so much of the judgment of the Chancery Division as denies injunctive relief for defendants' violation of *N.J.S.A.* 45:14A 1. The matter is remanded to the Chancery Division for entry of an amended judgment in accordance with this opinion.